| | |
|---|---|
| DISTRICT COURT<br>BOULDER COUNTY, COLORADO<br>1777 6th St., Boulder, CO 80302<br><br>**PLAINTIFF:** DANYA AHRAM, AARON RODRIGUEZ, and MEGAN FACEY on their own behalf and on behalf of all others similarly situated,<br><br>v.<br><br>**DEFENDANTS:** DIGNITY CARE, LLC and MARY KIRK. | DATE FILED: October 11, 2021 11:02 AM<br>FILING ID: 46B2DD3DCAEAA<br>CASE NUMBER: 2021CV30753<br><br><br><br>☐   COURT USE ONLY   ☐ |
| Attorneys for Plaintiffs:<br><br>Brandt Milstein, Atty. Reg. # 42866<br>Andrew Turner, Atty. Reg. # 43869<br>MILSTEIN TURNER, PLLC<br>1942 Broadway, Suite 509<br>Boulder, CO 80302<br>303.440.8780<br>brandt@milsteinturner.com<br>andrew@milsteinturner.com | Case Number:<br><br><br><br><br>Ctrm/Div: |
| **CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES** | |

Plaintiffs, by and through undersigned counsel, on their own behalf and on behalf of all others similarly situated, file this Class and Collective Action Complaint for Unpaid Wages against the above-named Defendants.

## STATEMENT OF THE CASE

1. Plaintiffs and those similarly situated are or were employed by Defendants as caregivers and schedulers in Defendants' home health care services enterprise.

2. Defendants refused to pay their employees overtime rates for hours worked beyond twelve each workday and for hours beyond twelve worked consecutively across workdays.

3. Defendants thus violated the Colorado Minimum Wages of Workers Act (the "CMWWA") C.R.S. §§ 8-6-101 *et seq.* as implemented by the Colorado Overtime and Minimum Pay Standards Order (the "COMPS") 7 C.C.R. 1103-1, because Colorado law requires employers

**EXHIBIT 1**

to pay their employees overtime rates for each hour worked beyond twelve each workday or worked beyond twelve consecutively.

4. Defendants also refused to pay their employees overtime wages for overtime hours worked beyond forty each workweek by failing to aggregate the hours worked by employees who worked as both caregivers and as schedulers during the same workweek.

5. Defendants thus violated the Fair Labor Standards Act (the "FLSA") 29 U.S.C. §§ 201 *et seq*. and the COMPS because state and federal law require employers to pay their employees overtime wages for each hour worked beyond forty each workweek.

6. Defendants refused to pay their employees for hours spent travelling between clients during the workday.

7. Defendants thus violated the COMPS and the FLSA because state and federal law require employers to pay their employees for hours spent travelling between job sites during the workday.

8. Defendants altered their records of the hours worked by caregivers when those employees clocked in and worked prior to their scheduled shifts, or worked and clocked out after the end of their scheduled shifts.

9. Defendants thus violated the COMPS because that law requires employers to pay their employees for all hours worked.

10. Plaintiffs seek, on their own behalf and on behalf of all others similarly situated, actual damages, liquidated damages, pre- and post- judgment interest, attorney fees and costs for Defendants' violations state and federal wage law.

## PARTIES, JURISDICTION, AND VENUE

11. Plaintiff Danya Ahram is a resident of Colorado and has been employed by Defendants since approximately October, 2019. Plaintiff Ahram's FLSA consent to join for is attached hereto as Exhibit 1.

12. Plaintiff Aaron Rodriguez is a resident of Colorado and has been employed by Defendants since approximately December 23, 2020. Plaintiff Rodriguez's FLSA consent to join for is attached hereto as Exhibit 2.

13. Plaintiff Megan Facey is a resident of Colorado and has been employed by Defendants since approximately June, 2019. Plaintiff Facey's FLSA consent to join for is attached hereto as Exhibit 3.

14. Defendant Dignity Care, LLC is a registered domestic limited liability company with a principal office address of 1570 Lee Hill Drive, #7, Boulder, Colorado 80304.

15. This Court has jurisdiction over Defendants pursuant to C.R.S. § 13-1-124 because Defendants transact business in this state.

16. This Court has jurisdiction over the subject matter of this action pursuant to C.R.S. § 8-6-118, 7 CCR 1103-1(8.1)(A) and 29 U.S.C. § 216(b).

17. Venue in this Court is proper pursuant to Colo. R. Civ. P. 98 because Defendants may be found in Boulder County and because Boulder County is designated in this Complaint.

## **FACTUAL ALLEGATIONS**

18. Defendants employed Plaintiffs and those similarly situated as hourly caregivers and schedulers in their home health care services enterprise.

19. Defendants failed to pay their employees for hours worked in excess of twelve hours per workday and in excess of twelve hours worked consecutively.

20. For example, on August 4, 2020, Plaintiff Ahram worked from 6:00 p.m. until 8:00 a.m. on August 5, 2020 and was not paid overtime premiums for hours worked beyond twelve. By way of further example, Plaintiff Facey worked from 6:00 p.m. on June 28, 2020 through 7:00 a.m. on June 29, 2020 and was not paid overtime premiums for the thirteenth hour of that shift. She also worked from 8:00 p.m. on January 22, 2021 through 8:45 a.m. on January 23, 2021 and was not paid overtime premium wages for the three-quarters hour she worked beyond twelve hours that shift. By way of further example, Plaintiff Rodriguez worked from 8:00 a.m. January 2, 2021 through 8:00 a.m. January 3, 2021 and worked 8:00 a.m. through 9:15 p.m. on May 22, 2021 and was not paid overtime rates for hours worked in excess of twelve.

21. Defendants also failed to pay their employees overtime premiums for hours worked in excess of forty per workweek by failing to aggregate hours that employees worked in a given workweek as both a caregiver and a scheduler.

22. By way of example, Plaintiff Ahram worked from 8:30 a.m. until 4:00 p.m. on July 19, 2021 as a scheduler, then from 7:00 p.m. to 8:00 a.m. into July 20, 2021 as a caregiver, then from 8:30 a.m. to 4:00 p.m. on July 20, 2021 as a scheduler and 6:30 p.m. until 8:00 a.m. as a caregiver into July 21, 2021 and 8:30 a.m. until 4:00 p.m. as a scheduler that day. Defendants did not pay overtime wages for any of these hours worked.

23. Defendants failed to pay their employees for time spent travelling between client residences during the workday.

24. For example, on July 30, 2020 and July 31, 2020, Plaintiff Ahram worked a twenty-four hour shift wherein she travelled between four Dignity Care clients' homes in Boulder, Broomfield and Lafayette and was not compensated for the time she spent driving between the clients' homes.

25. Defendants deleted time worked from their caregivers' paychecks when those

caregivers clocked in before and/or out after their scheduled shift times.

26. Plaintiffs Rodriguez and Ahram both had pre- and post- shift work time deleted from their paychecks. Plaintiff Ahram, while working as a scheduler, was instructed to delete worked time of approximately twenty minutes from both her and Plaintiff Rodriguez's time records on multiple occasions.

27. Defendants subjected all their hourly caregiver and scheduler employees to these same policies and practices of avoiding overtime and regular rate wage payments.

28. At all times relevant to this action, Plaintiffs and all others similarly situated performed labor for the benefit of Defendants.

29. Each year relevant to this action, Plaintiffs and other employees handled cleaning supplies, medical supplies, medications, and foodstuffs, along with other materials, which moved in interstate commerce.

30. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

31. Defendant Mary Kirk, at all material times, exercised operational control and/or financial control over the Dignity Care, LLC enterprise and exercised control over Dignity Care, LLC's employees' terms and conditions of employment. For example, Defendant Kirk made important financial decisions regarding the enterprise, controlled her employees' rates of pay, instructed Dignity Care to hire certain individuals, required that firing decisions be approved by her, set the budget for bonuses for her employees, and made the decisions to deny her employees overtime pay for overtime hours worked and to deny her employees payment for travel time incurred during work hours.

## **RULE 23 CLASS ALLEGATIONS AS TO THE FIRST CLAIM**

32. Plaintiffs assert their First Claim, brought under the CMWWA and the COMPS, as a C.R.C.P. Rule 23 class action, on their own behalf and on behalf of a class for which Plaintiffs seek certification.

33. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define the Class as follows:

> All caregivers who worked during the period from October 11, 2015 through the present who were denied overtime wages for hours worked in excess of twelve in a given workday or in excess of twelve worked consecutively.

34. This action is properly brought as a class action for the following reasons.

35. All Defendants' hourly employees were subject to Defendants' common policy of refusing to properly pay overtime wages.

36. The class is so numerous that joinder of all the potential Class Members is impracticable. Plaintiffs do not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiffs believe and allege that the number of Class Members is in the 400-600 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

37. Questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include whether Defendants failed to pay overtime premium rates for hours worked beyond twelve in a workday or consecutively.

38. The claim asserted by Plaintiffs is typical of the claims of all of the Class Members. This is an uncomplicated case of an employer choosing not to pay overtime premiums to non-exempt hourly employees. The claims at issue arise from a policy applicable to all Members of the Class. Each Member of the Class suffered the same violations that Plaintiffs challenge with their claims. If Defendants' policy of refusing to pay overtime wages was unlawful as applied to the representative Plaintiffs, it was unlawful as applied to the absent Members of the putative Class.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

40. The representative Plaintiffs will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of the representative Plaintiffs. The representative Plaintiffs will litigate the Class's claims fully.

41. The representative Plaintiffs are represented by counsel experienced in wage and hour class action litigation.

42. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

43. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All Members of the Class have claims that are factually very similar and legally identical to Plaintiffs'. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the CMWWA counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

44. Plaintiffs are unaware of any Members of the putative Class who are interested in presenting their claims in a separate action.

45. Plaintiffs are aware of no pending litigation commenced by Members of the Class concerning the instant controversy.

46. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

47. The membership of the Class will be easily defined by reference to payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1). Notice will be easily distributed because all Members of the putative Class are or were recently employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each Class Member.

### **RULE 23 CLASS ALLEGATIONS AS TO THE SECOND CLAIM**

48. Plaintiffs assert their Second Claim, brought under the CMWWA and the COMPS, as a C.R.C.P. Rule 23 class action, on their own behalf and on behalf of a class for which Plaintiffs seek certification.

49. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define the Class as follows:

> All caregivers who worked during the period from October 11, 2015 through the present who were denied wage payment for travel time hours worked.

50. This action is properly brought as a class action for the following reasons.

51. All Defendants' hourly employees were subject to Defendants' common policy of refusing to pay wages for travel time.

52. The class is so numerous that joinder of all the potential Class Members is impracticable. Plaintiffs do not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiffs believe and allege that the number of Class Members is in the 400-600 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

53. Questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include whether Defendants failed to pay wages for travel time hours worked.

54. The claim asserted by Plaintiffs is typical of the claims of all of the Class Members. This is an uncomplicated case of an employer choosing not to pay for travel time work hours.

The claims at issue arise from a policy applicable to all Members of the Class. Each Member of the Class suffered the same violations that Plaintiffs challenge with their claims. If Defendants' policy of refusing to pay overtime wages was unlawful as applied to the representative Plaintiffs, it was unlawful as applied to the absent Members of the putative Class.

55. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

56. The representative Plaintiffs will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of the representative Plaintiffs. The representative Plaintiffs will litigate the Class's claims fully.

57. The representative Plaintiffs are represented by counsel experienced in wage and hour class action litigation.

58. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

59. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All Members of the Class have claims that are factually very similar and legally identical to Plaintiffs'. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the CMWWA counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

60. Plaintiffs are unaware of any Members of the putative Class who are interested in presenting their claims in a separate action.

61. Plaintiffs are aware of no pending litigation commenced by Members of the Class concerning the instant controversy.

62. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

63. The membership of the Class will be easily defined by reference to payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1). Notice will be easily distributed because all Members of the putative Class are or were recently employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each Class Member.

**RULE 23 CLASS ALLEGATIONS AS TO THE THIRD CLAIM**

64. Plaintiffs assert their Third Claim, brought under the CMWWA and the COMPS, as a C.R.C.P. Rule 23 class action, on their own behalf and on behalf of a class for which Plaintiffs seek certification.

65. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define the Class as follows:

> All caregivers who worked during the period from October 11, 2015 through the present who had their hours reduced for clocking in before their scheduled shift time or clocking out after their scheduled shift time.

66. This action is properly brought as a class action for the following reasons.

67. All Defendants' hourly employees were subject to Defendants' common policy of altering their employees' time records.

68. The class is so numerous that joinder of all the potential Class Members is impracticable. Plaintiffs do not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiffs believe and allege that the number of Class Members is in the 400-600 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

69. Questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include whether Defendants altered their employees' time records and failed to pay for all hours worked.

70. The claim asserted by Plaintiffs is typical of the claims of all of the Class Members. This is an uncomplicated case of an employer choosing not to pay for travel time work hours. The claims at issue arise from a policy applicable to all Members of the Class. Each Member of the Class suffered the same violations that Plaintiffs challenge with their claims. If Defendants' policy of refusing to pay overtime wages was unlawful as applied to the representative Plaintiffs, it was unlawful as applied to the absent Members of the putative Class.

71. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

72. The representative Plaintiffs will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of the representative Plaintiffs. The representative Plaintiffs will litigate the Class's claims fully.

73. The representative Plaintiffs are represented by counsel experienced in wage and hour class action litigation.

74. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

75. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All Members of the Class have claims that are factually very similar and legally identical to Plaintiffs'. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the CMWWA counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

76. Plaintiffs are unaware of any Members of the putative Class who are interested in presenting their claims in a separate action.

77. Plaintiffs are aware of no pending litigation commenced by Members of the Class concerning the instant controversy.

78. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

79. The membership of the Class will be easily defined by reference to payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1). Notice will be easily distributed because all Members of the putative Class are or were recently employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each Class Member.

## 29 U.S.C. § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FOURTH CLAIM

80. Plaintiffs assert their Fourth Claim, brought pursuant to the FLSA, as a collective action on their own behalf and on behalf of all others similarly situated.

81. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define the collective action as encompassing:

> All employees who worked on or after October 11, 2018 as both caregivers and schedulers who were not paid overtime premiums for hours worked beyond forty each workweek.

82. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA

provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

83. All potential collective action Members are similarly situated because they worked for Defendants as hourly employees and were subject to Defendants' common policy of avoiding forty-hour overtime wage payments.

## 29 U.S.C. § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIFTH CLAIM

84. Plaintiffs assert their Fifth Claim, brought pursuant to the FLSA, as a collective action on their own behalf and on behalf of all others similarly situated.

85. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define the collective action as encompassing:

> All caregivers who worked on or after October 11, 2018 who were not paid wages for travel time hours worked.

86. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

87. All potential collective action Members are similarly situated because they worked for Defendants as hourly employees and were subject to Defendants' common policy of avoiding payment of wages for travel time hours worked.

## FIRST CLAIM – Unpaid Overtime Wages
## Violation of the CMWWA (C.R.S. §§ 8-6-101 *et seq.*) as implemented by the COMPS (7 CCR 1103-1)

88. Plaintiffs repeat and re-allege each of the allegations above as if fully set forth herein.

89. Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated. C.R.C.P. Rule 23.

90. Defendants were Plaintiffs' and the Class's "employers" as that term is defined by the COMPS. 7 CCR 1103-1 (1.6).

91. Plaintiffs and the Class were Defendants' "employees" as that term is defined by the COMPS. 7 CCR 1103-1 (1.5).

92. Defendants violated the COMPS when they failed to pay Plaintiffs and the Class overtime premiums for hours worked beyond twelve in each given workday or beyond twelve worked consecutively. 7 CCR 1103-1(4.1.1).

- 10 -

93. As a result, Plaintiffs and the Class have suffered lost wages and lost use of those wages in an amount to be determined at trial.

94. Plaintiffs and the Class are entitled to recover in a civil action wages owed to them, together with attorney fees and costs of suit. C.R.S. § 8-6-118; 7 CCR 1103-1 (8.1(A)).

## SECOND CLAIM – Unpaid Travel Time
## Violation of the CMWWA (C.R.S. §§ 8-6-101 *et seq.*) as implemented by the COMPS (7 CCR 1103-1)

95. Plaintiffs repeat and re-allege each of the allegations above as if fully set forth herein.

96. Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated. C.R.C.P. Rule 23.

97. Defendants were Plaintiffs' and the Class's "employers" as that term is defined by the COMPS. 7 CCR 1103-1 (1.6).

98. Plaintiffs and the Class were Defendants' "employees" as that term is defined by the COMPS. 7 CCR 1103-1 (1.5).

99. Defendants violated the COMPS when they failed to pay Plaintiffs and the Class wages for hours worked travelling between Defendants' clients' homes. 7 CCR 1103-1(1.9.2).

100. As a result, Plaintiffs and the Class have suffered lost wages and lost use of those wages in an amount to be determined at trial.

101. Plaintiffs and the Class are entitled to recover in a civil action wages owed to them, together with attorney fees and costs of suit. C.R.S. § 8-6-118; 7 CCR 1103-1 (8.1(A)).

## THIRD CLAIM – Deleted Hours
## Violation of the CMWWA (C.R.S. §§ 8-6-101 *et seq.*) as implemented by the COMPS (7 CCR 1103-1)

102. Plaintiffs repeat and re-allege each of the allegations above as if fully set forth herein.

103. Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated. C.R.C.P. Rule 23.

104. Defendants were Plaintiffs' and the Class's "employers" as that term is defined by the COMPS. 7 CCR 1103-1 (1.6).

105. Plaintiffs and the Class were Defendants' "employees" as that term is defined by the COMPS. 7 CCR 1103-1 (1.5).

106. Defendants violated the COMPS when they deleted hours from their employees'

paychecks related to pre- and post-shift clock ins and outs.  7 CCR 1103-1(1.9).

107.   As a result, Plaintiffs and the Class have suffered lost wages and lost use of those wages in an amount to be determined at trial.

108.   Plaintiffs and the Class are entitled to recover in a civil action wages owed to them, together with attorney fees and costs of suit.  C.R.S. § 8-6-118; 7 CCR 1103-1 (8.1(A)).

## FOURTH CLAIM – Unpaid Overtime Wages
## Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

109.   Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

110.   Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

111.   Plaintiffs and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

112.   Defendants "employed" Plaintiffs and others as that term is defined by the FLSA.  29 U.S.C. § 203(g).

113.   Defendants were Plaintiffs' and others' "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

114.   Defendants violated the FLSA when they refused to pay Plaintiffs and others overtime premiums for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

115.   Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

116.   Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

117.   Plaintiffs and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

## FIFTH CLAIM – Unpaid Travel Time
## Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

118.   Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

119.   Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

120.   Plaintiffs and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

121. Defendants "employed" Plaintiffs and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

122. Defendants were Plaintiffs' and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

123. Defendants violated the FLSA when they refused to pay Plaintiffs and others wages for hours spent travelling between Defendants' clients homes. 29 C.F.R. § 785.38.

124. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

125. Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

126. Plaintiffs and others are entitled to recover unpaid wages, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs pray that:

As to their FIRST CLAIM brought pursuant to the CMWWA and the COMPS, Plaintiffs respectfully request an Order from the Court that:

   a. This action be certified as a class action pursuant to C.R.C.P. 23;

   b. Plaintiffs be certified as the representatives of the Class;

   c. Undersigned counsel be appointed Class Counsel;

   d. Prompt notice of this litigation be sent to all potential Class Members;

   e. Plaintiffs and the Class be awarded the wages they are due, together with attorney fees and costs of suit. C.R.S. § 8-6-118; 7 CCR 1103-1 (8.1(A));

   f. Plaintiffs be awarded service awards in recognition of their work as representatives of the Class; and

   g. Plaintiffs and the Class be awarded such other and further relief as may be necessary and appropriate.

As to their SECOND CLAIM brought pursuant to the CMWWA and the COMPS, Plaintiffs respectfully request an Order from the Court that:

   a. This action be certified as a class action pursuant to C.R.C.P. 23;

   b.  Plaintiffs be certified as the representatives of the Class;

   c.  Undersigned counsel be appointed Class Counsel;

   d.  Prompt notice of this litigation be sent to all potential Class Members;

   e.  Plaintiffs and the Class be awarded the wages they are due, together with attorney fees and costs of suit. C.R.S. § 8-6-118; 7 CCR 1103-1 (8.1(A));

   f.  Plaintiffs be awarded service awards in recognition of their work as representatives of the Class; and

   g.  Plaintiffs and the Class be awarded such other and further relief as may be necessary and appropriate.

As to their THIRD CLAIM brought pursuant to the CMWWA and the COMPS, Plaintiffs respectfully request an Order from the Court that:

   a.  This action be certified as a class action pursuant to C.R.C.P. 23;

   b.  Plaintiffs be certified as the representatives of the Class;

   c.  Undersigned counsel be appointed Class Counsel;

   d.  Prompt notice of this litigation be sent to all potential Class Members;

   e.  Plaintiffs and the Class be awarded the wages they are due, together with attorney fees and costs of suit. C.R.S. § 8-6-118; 7 CCR 1103-1 (8.1(A));

   f.  Plaintiffs be awarded service awards in recognition of their work as representatives of the Class; and

   g.  Plaintiffs and the Class be awarded such other and further relief as may be necessary and appropriate.

As to their FOURTH CLAIM brought pursuant to the FLSA, Plaintiffs respectfully request an Order from the Court that:

   a.  This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

   b.  Plaintiffs and the 216(b) Class be awarded unpaid overtime premiums;

   c.  Plaintiffs and the 216(b) Class be awarded liquidated damages as required by law;

    d. Plaintiffs and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

    e. Plaintiffs and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    f. Plaintiffs and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

As to their FIFTH CLAIM brought pursuant to the FLSA, Plaintiffs respectfully request an Order from the Court that:

    a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

    b. Plaintiffs and the 216(b) Class be awarded unpaid overtime premiums;

    c. Plaintiffs and the 216(b) Class be awarded liquidated damages as required by law;

    d. Plaintiffs and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

    e. Plaintiffs and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    f. Plaintiffs and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted this 11th day of October, 2021.

*s/ Brandt Milstein*
<u>Signed original on file and available for inspection at:</u>
MILSTEIN TURNER, PLLC
1942 Broadway, Suite 509
Boulder, CO 80302
303.440.8780
brandt@milsteinturner.com

*Attorney for Plaintiff*

Plaintiffs' Addresses:

1775 Wadsworth Blvd., Apt. 10301
Broomfield, CO 80020

2315 Zlaten Dr.
Longmont, CO 80504